```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | |
|---|---|
| OMARI MOORE,                             ) | |
|                                          ) | |
|      Plaintiff,                          ) | |
|                                          ) | |
| v.                                       ) | No. 22-cv-01077-SHM-tmp |
|                                          ) | |
| CAPTAIN JEFF SMITH and                   ) | |
| LIEUTENANT JACKIE BAUSMAN,               ) | |
|                                          ) | |
|      Defendants.                         ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL**

Before the court is the defendants' Motion to Compel filed on November 28, 2023. (ECF No. 19.) The motion was referred to the undersigned on December 4, 2023, for determination. (ECF No. 20.) In this motion, the defendants also request that the court award reasonable expenses incurred in preparing the motion, including attorney fees. (ECF No. 19 at PageID 221.) For the reasons below, the motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

Omari Moore is a prisoner at Henderson County Justice Center who filed a *pro se* complaint against the defendants under 42 U.S.C. § 1983 for alleged violations of his due process rights and First Amendment rights. (ECF No. 1 at PageID 4–5.) Moore is proceeding *in forma pauperis*. (ECF No. 4.) On October 6, 2023, the defendants

mailed interrogatories and requests for production to Moore, but he failed to provide any responses. (ECF No. 19-1 at PageID 224; ECF No. 19-2.) The interrogatories and requests for production include the kind of requests that are typical in a first set of discovery, including, for example, the identity of witnesses, narration of acts that the defendants took that allegedly violated the plaintiff's constitutional rights, a calculation of damages, and documentation that supports the plaintiff's claims. (ECF No. 19-2.) On November 13, 2023, the defendants sent a letter to Moore giving him until November 27, 2023, to respond to their discovery requests. (ECF No. 19-3 at PageID 240.) Moore has yet to respond to the defendants' discovery requests, so they filed the present Motion to Compel and have requested attorney fees and reasonable expenses. (ECF No. 19.) Moore has not filed a response to the motion.

## II.   ANALYSIS

### A.   Compel Discovery

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The party seeking discovery is obligated to

demonstrate relevance. Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case. William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio Jun. 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Additionally, Local Rule 7.2 provides that a response to a motion must be filed within fourteen days after service of the motion, and "[f]ailure to respond timely to any motion . . . may be deemed good grounds for granting the motion." LR 7.2(a)(2).

Here, Moore has failed to timely file a response to the motion, which alone would be a basis for granting the defendants' motion under Local Rule 7.2. In addition to this technical basis, the undersigned finds that the information requested in the interrogatories and requests for production are relevant and

- 3 -

proportional to the needs of the case. The defendants' requests include basic information regarding witness identities, descriptions of acts that the defendants took that allegedly violated Moore's constitutional rights, a calculation of damages, and other documentation that supports Moore's claims. (See ECF No. 19-2 at PageID 227-239.) Without access to this information, the defendants are unjustly limited in their ability to respond to Moore's claims and assert any relevant defenses. Therefore, the defendants' Motion to Compel as to the discovery requests is GRANTED.

**B.  Attorney Fees and Expenses**

Despite ordering Moore to provide discovery responses, the undersigned declines to award attorney fees and expenses incurred in making this motion. Rule 37 provides that, if a motion to compel is granted, then "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, Rule 37 provides that the court "must not order this payment if . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii).

Courts have declined to award attorney fees and expenses after granting a motion to compel where the non-movant is proceeding *pro se* and *in forma pauperis*. See Fields v. Trinity Food Serv., No.

1:17-cv-01190-SHM-cgc, 2022 WL 193735, at *4 (W.D. Tenn. Jan. 20, 2022) (finding that an award of expenses incurred in making a motion to compel discovery would be unjust when the plaintiff is a *pro se* prisoner proceeding *in forma pauperis*); Jayne v. Bosenko, No. 2:08-CV-02767, 2014 WL 2801201, at *2 (E.D. Cal. June 19, 2014) (same). The undersigned finds that, based on the facts in this case, an award of attorney fees and expenses would be unjust. Therefore, the defendants' request for attorney fees and expenses is DENIED. However, failure to comply with this order, discovery requests, or any other orders in the future may result in sanctions up to and including dismissal.

### III. CONCLUSION

For the reasons stated above, the defendants' Motion to Compel is GRANTED in part and DENIED in part. Moore is ORDERED to respond to the defendants' interrogatories and requests for production by January 30, 2024.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

January 16, 2024
Date